O

# United States District Court
# Central District of California

| | |
|---|---|
| ANDREAS HERNANDEZ,<br><br>               Plaintiff,<br><br>     v.<br><br>CITY OF CULVER CITY, et al.,<br><br>               Defendants. | Case № 2:19-cv-01267-ODW (KSx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [21] AND MOTION TO STRIKE [22] AS UNOPPOSED** |

## I.    INTRODUCTION

Defendants move to dismiss certain claims and Defendants from Plaintiff Andreas Hernandez's Third Amended Complaint ("TAC"). (Mot. to Dismiss ("Mot."), ECF No. 21.) Defendants also move to strike Hernandez's TAC in its entirety. (Mot. to Strike ("MTS"), ECF No. 22.) Hernandez did not oppose either motion. (*See* Defs.' Notice of Non-Opp'n, ECF No. 26.) For the reasons that follow, the Court **GRANTS** Defendants' motions.[1]

---

[1] After carefully considering the papers filed in connection with the motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Hernandez initiated this action in the Superior Court of California, County of Los Angeles, on November 25, 2018. (Notice of Removal Ex. A ("Compl."), ECF No. 1-1.) Defendants removed the action to this Court on February 20, 2019. (Notice of Removal, ECF No. 1.) After meeting and conferring regarding the perceived deficiencies in Hernandez's pleading, the parties entered a series of stipulations permitting Hernandez to amend his Complaint, his First Amended Complaint, and his Second Amended Complaint. The last of these stipulations resulted in Hernandez filing his TAC, the operative pleading, on May 17, 2019.

The TAC asserts six claims against various of Defendants City of Culver City ("City"), Chief of Police Scott Bixby, William Kutylo, Sam Hawkins, Maurilio Gamboa, John Benjamin, and Does 1–50 ("Defendants"). (*See* TAC.) Defendants Kutylo, Hawkins, Gamboa, and Benjamin are referred to collectively herein as "Officer Defendants." Hernandez asserts the following claims against the following Defendants: (1) False Arrest (42 U.S.C. § 1983) against Officer Defendants; (2) Excessive Force (42 U.S.C. § 1983) against Defendants Kutylo, Hawkins, and Gamboa; (3) False Imprisonment (42 U.S.C. § 1983) against Officer Defendants and Defendant Bixby; (4) Racial Discrimination (42 U.S.C. §§ 1981 & 1983) against Officer Defendants and Defendant Bixby; (5) Malicious Prosecution (42 U.S.C. § 1983) against Defendants City, Bixby, Hawkins, and Kutylo; and (6) Willful Negligence (42 U.S.C. §§ 1981 & 1983) against Defendants City and Bixby. (*See* TAC.)

Defendants move to dismiss certain claims and Defendants in Hernandez's TAC. (*See* Mot. 5, 8, 9, 10.) Defendants also move to strike Hernandez's TAC in its entirety, or, in the alternative, specific allegations and Hernandez's requests for punitive damages as against Defendants City and Bixby. (*See* Notice of MTS 2–3, ECF No. 22; MTS 2, 7, 8, 9.) Defendants noticed the hearing on the motions for July 8, 2019, at 1:30 p.m. Thus, pursuant to Local Rule 7-9, Hernandez's oppositions

were due no later than June 17, 2019. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, Hernandez has filed no opposition.

### III. PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss certain claims and Defendants and to strike Hernandez's TAC in its entirety. (*See* Mot.; MTS.) Striking the TAC in its entirety would result in the dismissal of Hernandez's action. Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Hernandez received notice of the motions and had ample opportunity to respond. However, despite Defendants moving to strike the TAC in its entirety, Hernandez failed to oppose or otherwise respond. Hernandez is represented by counsel in this matter and his attorney is a registered CM/ECF user who receives

notice of electronic filings in this action. Further, Hernandez and Defendants met and conferred several times regarding Defendants' perceived deficiencies in Hernandez's complaints. They stipulated to Hernandez's multiple amended complaints, including the operative TAC, and to Defendants' deadline to respond to the TAC. Thus, Hernandez was previously engaged in this matter, that is, until the instant motions, to which he has failed to respond in any way. Hernandez offers no excuse for failing to oppose, nor has he sought an extension or other relief. As such, the Court construes Hernandez's failure to respond to Defendants' motions as consent to the Court granting them.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' motions.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 21) and Motion to Strike (ECF No. 22), and **STRIKES** Plaintiff's TAC in its entirety **without leave to amend**. Consequently, the Court **DISMISSES** Plaintiff's action **without prejudice**. The Court will issue Judgment.

**IT IS SO ORDERED.**

July 11, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**